IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DE LAGE LANDEN OPERATIONAL : CIVIL ACTION
SERVICES, LLC :
 :
         v.             :
 :
THIRD PILLAR SYSTEMS, INC. : NO. 09-2439

MEMORANDUM

Bartle, C.J.                                              December 10, 2010

Now pending before the court is the motion of the defendant, Third Pillar Systems, LLC ("Third Pillar") for summary judgment on the issue of damages.

The facts of this case are well known to the parties and will not be set forth in detail here. Suffice it to say that on May 29, 2009, De Lage Landen Operational Services, LLC ("DLL") sued Third Pillar alleging, among other things, trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA") and breach of contract. These claims stemmed from a series of agreements in which DLL engaged Third Pillar to develop and customize a software platform, known as the "Beacon" project, for use in DLL's vendor finance lending and leasing business. In its complaint, DLL sought an injunction barring Third Pillar from using or disclosing DLL's confidential property as well as damages and "such other further relief as may be just and proper."

After a three-day permanent injunction hearing,[1] the court found that under DLL's contracts with Third Pillar DLL owned twelve "use cases," which are detailed step-by-step models of DLL's trade secret business practices that were created in the course of the Beacon project. The court further found that Third Pillar had misappropriated DLL's trade secrets in the twelve use cases that DLL owned, and in doing so, breached its contracts with DLL. Finally, the court concluded that "mere pecuniary compensation would not afford adequate relief" from the harm done to DLL by Third Pillar's misappropriation. The court issued a permanent injunction requiring that Third Pillar "return and/or destroy ... all copies ... of the foregoing twelve Beacon Use Cases."[2] The case was placed in the May 1, 2011 trial pool for a jury trial on the issue of damages.

In support of its motion for summary judgment Third Pillar argues that DLL's complaint seeks only recovery of "actual damages," which DLL in discovery has now admitted it cannot prove. Third Pillar also maintains that such actual damages are essential elements of both DLL's breach of contract claim and its claim under CUTSA. According to Third Pillar, since DLL has affirmed that it will not be seeking "actual damages" in the form

---

1. The parties had agreed to forego a hearing on a motion for a preliminary injunction and to proceed to a hearing for a permanent injunction.

2. DLL has moved for contempt sanctions against Third Pillar for allegedly violating this permanent injunction. The court has scheduled a hearing on this matter for December 15, 2010.

of lost profits at the upcoming trial, summary judgment should be granted in favor of Third Pillar.

In its complaint and prayer for relief, DLL requests the "recovery of monetary damages," "compensatory and punitive damages," and "such other further relief as may be just and proper." Nowhere in the complaint or prayer for relief does DLL limit its claim to "actual damages" in the form of lost profits. DLL has stated that while it will not seek lost profits it will seek to recover damages based on Third Pillar's unjust enrichment or in the alternative a reasonable royalty for the use of its trade secrets.

Under California law, compensatory damages for breach of contract, unless otherwise specified by statute, are "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300. For misappropriation of trade secrets, the CUTSA provides that:

> (a) A complainant may recover damages for the actual loss caused by misappropriation. A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss.
> (b) If neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited.
> (c) If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subdivision (a) or (b).

Cal. Civ. Code § 3426.3.  Neither of these statutory provisions limits DLL to recovery of "actual damages" in the nature of lost profits.  Both statutes contemplate the proof of damages other than lost profits.  The CUTSA, in fact, specifically provides for the imposition of a reasonable royalty when neither lost profits nor unjust enrichment are provable.  DLL has maintained in responses to discovery requests that it will proceed on both unjust enrichment and reasonable royalty theories.  Consequently, DLL may establish its damages by proving that Third Pillar has been unjustly enriched or, if that is not provable, by asking the court to order payment of a reasonable royalty for Third Pillar's unauthorized use of DLL's trade secrets.

In addition to providing expert testimony regarding the value of DLL's trade secret material, DLL has come forward with the deposition of Steffen Wollmer, Third Pillar's project manager.  In that deposition, Wollmer stated Third Pillar earned approximately $18 million from the sale of software containing DLL's trade secret use cases.  At this stage, such evidence creates a genuine issue of material fact as to the issue of DLL's damages.  Accordingly, we will deny the motion of Third Pillar for summary judgment.