IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DE LAGE LANDEN OPERATIONAL  : CIVIL ACTION
SERVICES, LLC               :
                            :
        v.                  :
                            :
THIRD PILLAR SYSTEMS, LLC   : NO. 09-2439

MEMORANDUM

Bartle, C.J.                                                    March 23, 2011

       Pending before the court is the "emergency motion to vacate, stay, or in the alternative extend the time for compliance" of the defendant, Third Pillar Systems, LLC ("Third Pillar").

       Third Pillar now seeks relief from this court's January 26, 2011 order holding it in contempt for failing to comply with our March 5, 2010 permanent injunction. Third Pillar argues that the contempt order is an improper sub silentio modification of the permanent injunction. It asks the court to vacate the January 26, 2011 order or to grant a stay and certify the order to the Court of Appeals for review under 28 U.S.C. § 1292(b).

       Finally, in the alternative, the motion included a request for a 150 day extension of the time in which to comply with the January 26, 2011 order by removing certain source code from its software platform. The declaration of Pankaj Chowdhry,

the President of Third Pillar, which was attached to the motion, states:

> Third Pillar intends to fully comply with [the January 26, 2011] Order as promptly as reasonably possible to the extent that Third Pillar is unsuccessful in obtaining relief from it. <u>Further, Third Pillar does not intend to delay its efforts to comply pending any determination of whether it should be afforded relief from the January 26 Order</u>. [emphasis added]

Following a telephone conference with counsel, the court granted Third Pillar an additional 60 days in which to comply and stated that it would take Third Pillar's requests to vacate and for a stay under advisement. The court also indicated that it would be receptive to requests for additional extensions of time for compliance if Third Pillar could show that it was working diligently and in good faith to do so. Third Pillar is now obligated to certify its compliance on or before April 25, 2011. On that telephone conference, counsel for Third Pillar reiterated what had been represented by Mr. Chowdhry, that is, that Third Pillar would be taking immediate steps to comply with the contempt order.

Third Pillar has since veered off course. In its motion for stay which accompanied its appeal of the court's January 26, 2011 order, Third Pillar has advised the Court of Appeals that compliance would result in irreparable harm and asks to be relieved of that obligation pending the outcome of its appeal. Its motion to stay in the Court of Appeals asserts that:

> Because Third Pillar is, by the terms of the
> modified injunction, required to find and
> destroy every component of any of its
> software that appears as well in any of the
> 12 use cases, the harm in compliance is
> devastating to Third Pillar's entire business
> as it exists today, and it would be
> irreparable. In other words, if Third Pillar
> is compelled to comply with the terms of the
> modified permanent injunction, the harm
> cannot be undone later.

Needless to say, the representation of irreparable harm and the request to avoid immediate compliance is inconsistent with Third Pillar's prior representations to this court about its good faith efforts to comply within the time allotted in our January 26, 2011 order and its intention to avoid delay while awaiting the determination of whether it will be afforded relief. Such inconsistencies do not sit well with the court.

Third Pillar requests the court vacate the January 26, 2011 order because it represents a sub silentio modification of the March 5, 2010 permanent injunction. The January 26, 2011 order merely found that Third Pillar had not in fact complied with the court's permanent injunction and did not modify that injunction in any way. Third Pillar's obligations today remain the same as they were on March 5, 2010. The unrebutted evidence presented at the December 15, 2010 contempt hearing established that Third Pillar was not in compliance with that injunction as explained in our January 26, 2011 memorandum.

Third Pillar's request for a stay is also unavailing in light of the declaration of Pankaj Chowdhry that Third Pillar "does not intend to delay its efforts to comply pending any

determination of whether it should be afforded relief from the January 26 Order."

Furthermore, Third Pillar's request for certification of this order to the Court of Appeals under 28 U.S.C. § 1292(b) is without merit. The order does not present a controlling question of law, there is no substantial ground for a difference of opinion, and no other exceptional circumstances are present to justify such an action.

Accordingly, the motions of Third Pillar to vacate the January 26, 2011 order, to stay its compliance with that order, and to certify the order to the Court of Appeals for review will be denied.