IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DE LAGE LANDEN OPERATIONAL      :      CIVIL ACTION
SERVICES, LLC                   :
                                :
        v.                      :
                                :
THIRD PILLAR SYSTEMS, INC.      :      NO. 09-2439


MEMORANDUM

Bartle, C.J.                                    April 6, 2011

        Now pending before the court are the objections of
defendant, Third Pillar Systems, LLC ("Third Pillar") to the Bill
of Costs of plaintiff De Lage Landen Operational Services, LLC
("DLL").

        On January 26, 2011, this court found Third Pillar in
civil contempt of its March 5, 2010 permanent injunction.  The
court sanctioned Third Pillar by ordering it to pay DLL's
reasonable fees and costs, including expert fees, associated with
its filing and pursuit of the motion for contempt.

        DLL has submitted its Bill of Costs, along with an
affidavit of its counsel Daniel E. Rhynhart, Esquire, the
timekeeping records from Blank Rome, an affidavit of DLL's expert
Susan Spielman, and Spielman's timekeeping records.  DLL requests
$193,440.75 in fees and expenses.  Third Pillar has objected to
this request on the grounds that charges for the period prior to
September 22, 2010 are not recoverable, that the timekeeping
records lack adequate specificity, and that the time spent in

preparing the contempt motion was excessive.  Third Pillar suggests that the maximum DLL should be permitted to recover is $55,750.05.

Third Pillar first objects to DLL's bill of costs on the ground that DLL should not be permitted to recover costs incurred prior to the deposition of Pankaj Chowdhry on September 22, 2010, when DLL first discovered Third Pillar's noncompliance.  It argues that DLL could not have incurred any fees or costs associated with the filing of its motion for contempt prior to the date on which it learned of the contempt. This argument is unpersuasive.  Third Pillar's noncompliance with the court's permanent injunction was not open and obvious, either before Chowdhry's September 22, 2010 deposition or after.

The permanent injunction required Third Pillar to remove portions of code from its Beacon LoanPath software platform.  When DLL suspected that Third Pillar had failed to comply, it was required to devote substantial time and expense to have Spielman, an expert, reconstruct the remediated code base. Such necessary, technical, investigative efforts were required before DLL could in good faith file any motion for contempt. Although DLL had not confirmed Third Pillar's noncompliance prior to Chowdhry's deposition, DLL, as it turned out, was properly undertaking its investigation prior to that time.

Third Pillar next takes issue with what it characterizes as DLL's "guesstimates" of the time spent in preparing the motion for contempt.  DLL engaged in block-billing

and counsel later reduced those entries to reflect the time spent associated with the motion for contempt in a manner characterized as "conservative" by DLL's counsel.  Third Pillar takes issue both with the fact that DLL engaged in block-billing when DLL knew that it would be seeking fees and with the lack of specificity in DLL's reductions of its time and Spielman's time.

Our Court of Appeals has advised that "a fee petition should include some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990) (internal quotations omitted).  However, it need only "be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." Id. (internal quotations omitted).  Given the complexity of the case, the hidden and technical nature of the noncompliance, and the length of time needed to gather necessary evidence, the hours claimed by DLL are reasonable for its prosecution of the motion for contempt.  Block-billing, which is a common practice in this district, is not alone a reason to deny DLL recovery of fees. See, e.g., Citibank, N.A. v. Hicks, No. 03-cv-2283, 2004 U.S. Dist. LEXIS 30432, **20-21 (E.D. Pa., Aug. 24, 2004); Shihee Donvell Hatchett v. County of Phila., No. 09-cv-1708 2010 U.S. Dist. LEXIS 109972, **9 (E.D. Pa., Oct. 15, 2010).  Without evidence of any impropriety, we accept Mr. Rhynhart's good faith

assertion that he reduced the block-billed entries conservatively and in a manner that accurately reflects the amount of time spent on the motion for contempt.

Finally, Third Pillar objects to DLL's request for fees as "excessive." We determine the reasonableness of a request for attorneys' fees by calculating the "lodestar" amount by multiplying a reasonable hourly rate by a reasonable number of hours expended. See Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp., 487 F.2d 161, 168 (3d Cir. 1973). Third Pillar has not objected to the hourly rates charged by DLL's counsel or by Spielman. An attorney's reasonable rate for fee awards is the market rate prevailing in the community. See Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). We find that the rates charged by DLL's attorneys and by Spielman are reasonable.

However, Third Pillar asserts that the attorneys took too long to draft their briefs and that Spielman should not be reimbursed for travel expenses and other time spent preparing. Third Pillar provides no basis of support for its criticisms of DLL's hours. As stated above, the length of time needed to prepare for this motion was reasonable under the circumstances. Likewise, there is no good faith basis on which to object to Spielman's time entries. As DLL's sole witness, Spielman was required diligently to prepare for and travel to the contempt hearing. Her presence was necessary and vital to DLL's success,

and there is no basis to doubt the accuracy or integrity of her contemporaneous timekeeping records.

Accordingly, the Bill of Costs of DLL will be granted. Third Pillar is to pay DLL's reasonable attorneys' fees and expert fees associated with the filing of the motion for contempt sanctions in the amount of $193,440.75.