IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DE LAGE LANDEN OPERATIONAL : CIVIL ACTION
SERVICES, LLC :
 :
          v. :
 :
THIRD PILLAR SYSTEMS, LLC : NO. 09-2439

MEMORANDUM

Bartle, C.J.                                                April 28, 2011

 Before the court for resolution is the question whether plaintiff's damage claim for reasonable royalties under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426, is to be decided by a judge or by a jury.

 Plaintiff De Lage Landen Operational Services, LLC ("DLL") filed this diversity action against defendant Third Pillar Systems, LLC ("Third Pillar") in which DLL alleges, among other things, trade secret misappropriation under the CUTSA as well as breach of contract. These claims stem from a series of agreements in which DLL engaged Third Pillar to develop and customize a software platform, known as the "Beacon" project, for use in DLL's vendor finance lending and leasing business. In its complaint, DLL sought an injunction barring Third Pillar from using or disclosing DLL's confidential property as well as damages and "such other further relief as may be just and proper."

After a three-day permanent injunction hearing,[1] the court found that under DLL's contracts with Third Pillar DLL owned twelve "use cases," which are detailed step-by-step models of DLL's trade secret business practices that were created in the course of what was called the Beacon project. The court further found that Third Pillar had misappropriated DLL's trade secrets in the twelve use cases that DLL owned, and in doing so, breached its contracts with DLL. Finally, the court concluded that "mere pecuniary compensation would not afford adequate relief" from the harm done to DLL by Third Pillar's misappropriation. The court issued a permanent injunction requiring that Third Pillar "return and/or destroy ... all copies ... of the foregoing twelve Beacon Use Cases."[2] The remainder of the case is now scheduled for trial in the next several weeks.

Plaintiff DLL made a demand for a jury trial when it filed its complaint. While it now seeks to withdraw that demand, Third Pillar will not agree. Under Rule 38(d) of the Federal Rules of Civil Procedure, a properly made jury demand cannot be withdrawn without the consent of all parties. See Fed. R. Civ. P. 38(d). Of course, if there is no right to a jury trial on a claim, a demand for a jury trial is of no consequence.

---

1. The parties had agreed to forego a hearing on a motion for a preliminary injunction and to proceed to a hearing for a permanent injunction.

2. DLL also moved for contempt sanctions against Third Pillar for allegedly violating this permanent injunction. After a hearing on the matter, the court found that Third Pillar had violated the permanent injunction and imposed sanctions.

> The CUTSA provides in relevant part:
>
> (a) A complainant may recover damages for the actual loss caused by misappropriation. A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss.
> (b) If neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited.
> (c) If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subdivision (a) or (b).

Cal. Civ. Code § 3426.3. DLL and Third Pillar have agreed that damages in the form of actual losses are not provable. They also are in accord that the question of damages for unjust enrichment must go before a jury. However, they strongly disagree as to whether the judge or the jury should determine the question of reasonable royalties if the jury finds that unjust enrichment is not provable. DLL argues that the judge must do so, while Third Pillar maintains that it is a matter for the jury.

We first turn to the words of the CUTSA itself. The plain language of the statute states that the issue of reasonable royalties is to be decided by the court. It reads, "If neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited." Cal. Civ. Code § 3426.3. While a jury makes findings, it does not "order payment." That is the role of the judge. The language "the court may order payment" appears only

in connection with "reasonable royalties" and not in connection with recovery of "actual loss" or "unjust enrichment." The California legislature has differentiated the decision-making process for royalties from the other two forms of compensatory relief. In this context, "the court" means the judge and does not include the jury, for otherwise there would be no purpose for the different treatment of royalties under the CUTSA. DLL is correct that under the plain meaning of the CUTSA it is the judge and not the jury who decides the issue of reasonable royalties.

This does not end our inquiry. While a state court judge in California would decide the issue of reasonable royalties without a jury, the current action is pending, not in a state court, but in a federal court pursuant to its diversity jurisdiction.

The Seventh Amendment to the Constitution provides that "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved..." U.S. Const. amend. VII. The purpose of the Seventh Amendment is to preserve the right to a jury trial as it existed at the time the Amendment was ratified in 1791. The Amendment has also been interpreted to apply to statutory rights "analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century as opposed to those customarily heard by courts of equity or admiralty." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41-42 (1989); Curtis v. Loether, 415 U.S. 189, 193 (1974).

Although the Seventh Amendment is not binding on the states, it is binding on the federal courts even in diversity cases since the use of a jury is not deemed to be an application of substantive state law. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938); see also Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 235-36 (1998); Minneapolis & St. Louis R.R. Co. v. Bombolis, 241 U.S. 211 (1916). To ascertain whether it preserves a right to a jury trial to determine reasonable royalties for a trade secret misappropriation claim, we first "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of law and equity." Granfinanciera, 492 U.S. at 42. Then, we "examine the remedy sought and decide whether it is legal or equitable in nature." Id. The Supreme Court has advised that "the second stage of this analysis is more important than the first." Id.

Our first step is to determine whether the type of claim before us either existed or is analogous to any tort actions recognized at common law at the time the Seventh Amendment was ratified in 1791. See Curtis, 415 U.S. at 195-96; see also Markman v. Westview Instruments, Inc., 517 U.S. 370, 376 (1996). The CUTSA was "intended to codify the common law" of trade secret misappropriation. See Ajaxo, Inc. v. E*Trade Fin. Corp., 115 Cal. Rptr. 3d 168, 181 (Cal. Ct. App. 2010). The earliest recorded trade secret case at common law in the United States took place in 1837 regarding an agreement by a defendant not to disclose the plaintiff's secret manner of making

chocolate.  See Vickery v. Welch, 36 Mass. 523 (1837); see also Michael P. Simpson, Note:  Future of Innovation Trade Secrets, Property Rights, and Protectionism – an Age-Old Tale, 70 Brooklyn L. Rev. 1121, 1138 (2005).  In England, the earliest recorded case was an unsuccessful attempt in 1817 to obtain an injunction against the disclosure of a secret invention.  See Newberry v. James, 35 Eng. Rep. 1011 (Ch. 1817).  Since trade secret actions did not exist in 1791, we must assess whether any analogous actions were extant in that era.

     Our Court of Appeals has held that a close analog to trade secret misappropriation actions are cases involving patent infringement.  See Int'l Indus., Inc. v. Warren Petroleum Corp., 248 F.2d 696, 699 (3d Cir. 1957).  The Supreme Court has recognized that "the descent of today's patent infringement action [comes] from the infringement actions tried at law in the 18th century, and there is no dispute that infringement cases today must be tried to a jury, as their predecessors were more than two centuries ago."  Markman v. Westview Instruments, Inc., 517 U.S. 370, 377 (1996).  A jury's award of reasonable royalties is "not restitutional in nature," but "simply money damages awarded in an action at law."  See Injection Research Specialists, Inc. v. Polaris Indus. L.P., Nos. 97-1516, 97-1545, 97-1557, 1998 U.S. App. LEXIS 18745, *42 (Fed. Cir. Aug. 13, 1998).  The close relationship between a patent infringement action and a trade secret misappropriation action weighs in favor

of a Seventh Amendment right to a jury trial on the issue of reasonable royalties under the CUTSA.

As to the second prong of the analysis, DLL is seeking to recover money damages, which are the classic form of legal relief. See Unisys Corp. Retiree Med. Benefits Erisa Litig. v. Unisys Corp., 579 F.3d 220, 238 (3d Cir. 2009). Reasonable royalties in patent infringement actions have also been characterized as money damages awarded at law. See, e.g., Injection Research, 1998 U.S. App. LEXIS at *42. This factor also weighs in favor of Third Pillar's right to have the jury decide whether or not to award a reasonable royalty.

In sum, the Seventh Amendment to the Constitution guarantees Third Pillar the right to a jury determination of reasonable royalties under the CUTSA. Accordingly, if Third Pillar's unjust enrichment is determined to be unprovable at trial, the issue of reasonable royalties under the CUTSA will be decided by the jury.[3]

---

3. Even if the issue of a reasonable royalty is not triable of right by a jury, the court may utilize an advisory jury. See Fed. R. Civ. P. 39(c). To the extent a jury is not authorized, the court will submit the issue of reasonable royalties to the jury in its advisory capacity.