IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN OPERATIONAL SERVICES, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THIRD PILLAR SYSTEMS, INC. | : | NO. 09-2439 |

MEMORANDUM

Bartle, J.                                                February 2, 2012

       Plaintiff De Lage Landen Operational Services, LLC ("DLL") has sued defendant Third Pillar Systems, Inc. ("Third Pillar") for breach of contract and violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 et seq.[1]  Before the court is DLL's motion in limine to introduce in its case in chief the deposition testimony of Third Pillar's expert James Woods in support of unjust enrichment damages and/or to introduce evidence of a reasonable royalty for Third Pillar's misappropriation of DLL's trade secrets.  As part of its response, Third Pillar has also filed a renewed motion for summary judgment based on the ground that DLL cannot establish damages on any theory and consequently there is nothing more to be tried.

---

1.  Other claims were dismissed by orders dated August 26, 2009 and March 5, 2010.

DLL's claims stem from a series of agreements in which DLL engaged Third Pillar to develop and customize a software platform, known as the "Beacon" project, for use in DLL's vendor finance lending and leasing business. After a three-day permanent injunction hearing,[2] the court found that under DLL's contracts with Third Pillar DLL owned twelve "use cases," which are detailed step-by-step models of DLL's trade secret business practices that were created in the course of the Beacon project. The court further found that Third Pillar had misappropriated DLL's trade secrets in the twelve use cases that DLL owned, and in doing so, breached its contracts with DLL. Finally, the court concluded that "mere pecuniary compensation would not afford adequate relief" and issued a permanent injunction requiring that Third Pillar "return and/or destroy ... all copies ... of the foregoing twelve Beacon Use Cases."[3] De Lage Landen Operational Servs., LLC v. Third Pillar Sys., 693 F. Supp. 2d 423, 441-42 (E.D. Pa. 2010).

The remainder of the case was scheduled for trial on May 11, 2011. However, the trial was postponed because the parties revived settlement discussions and negotiated for several

---

2. The parties had agreed to forego a hearing on a motion for a preliminary injunction and to proceed to a hearing for a permanent injunction.

3. DLL also moved for contempt sanctions against Third Pillar for allegedly violating this permanent injunction. After a hearing on the matter, the court found that Third Pillar had violated the permanent injunction and imposed sanctions. De Lage Landen Operational Servs., LLC v. Third Pillar Sys., 2011 U.S. Dist. LEXIS 7634 (E.D. Pa. Jan. 26, 2011).

months under the court's supervision.  When the parties failed to reach a settlement, the court entered a Fifth Scheduling Order, calling for plaintiff's motions in limine to be served on or before December 22, 2011 and defendant's motions in limine to be served on or before January 9, 2012.

Under CUTSA, three kinds of damages are available.  See Cal. Civ. Code § 3426.3.  This section of the CUTSA provides in relevant part:

> (a) A complainant may recover damages for the actual loss caused by misappropriation.  A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss.
> (b) If neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited.

Accordingly, depending on the circumstances of the case, a plaintiff may recover damages for actual loss, unjust enrichment, or a reasonable royalty.  Reasonable royalty damages, however, are only available if both actual loss and unjust enrichment are unprovable.  See Cal. Civ. Code § 3426.3; Ajaxo, Inc. v. E*Trade Fin. Corp., 115 Cal. Rptr. 3d 168, 179 (Cal. Ct. App. 2010).  DLL and Third Pillar have agreed that damages in the form of actual losses cannot be proven.  DLL's expert Barry Sussman opined in his report that there was insufficient evidence to prove unjust enrichment damages and then proceeded to calculate a reasonable royalty to be paid to DLL.  In contrast, Third Pillar's expert James Woods set forth in his report in

response that DLL's unjust enrichment damages were calculable and provable. Accordingly, based on this part of Woods' report, DLL would have no basis to obtain a reasonable royalty. Thereafter, each expert was deposed.

In an Order dated May 9, 2011, the court granted the motion of Third Pillar in limine to exclude the testimony of Sussman regarding a reasonable royalty. The court explained that Sussman's opinion was unreliable because it lacked a "factual foundation in the record" for the point in time when Third Pillar's misappropriation of DLL's trade secret information began. See De Lage Landen Operational Servs., LLC v. Third Pillar Sys., LLC, 2011 U.S. Dist. LEXIS 49438 (E.D. Pa. May 9, 2011). With no expert testimony on the issue of a reasonable royalty, DLL has now moved to introduce the deposition testimony of Woods, Third Pillar's expert, to prove unjust enrichment damages.

The weight of authority favors allowing DLL to introduce the opinion testimony of Third Pillar's expert. See, e.g., Peterson v. Willie, 81 F.3d 1033 (11th Cir. 1996); Penn Nat'l Ins. Co. v. HNI Corp., 245 F.R.D. 190 (M.D. Pa. 2007); House v. Combined Ins. Co. of Am., 168 F.R.D. 236 (N.D. Iowa 1996). Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." See Fed. R. Civ. P. 26(b)(4)(A); 245 F.R.D. at 193. Under this Rule, DLL deposed Woods months ago. Clearly, a party

may introduce the deposition testimony of its expert at trial should the expert become unavailable and such testimony may be used for impeachment purposes.  See Penn Nat'l Ins., 245 F.R.D. at 193.  The Penn National court reasoned persuasively that because an expert's deposition would already be admissible at trial in these circumstances, there is no reason not to allow a party to call the opposing party's expert witnesses to testify at trial.  Id. at 194-95.

We also agree with the analysis of other courts that either party may introduce the deposition of an opposing party's expert if the expert is identified as someone who may testify at trial because "those opinions do not belong to one party or another but rather are available for all parties to use at trial."  See, e.g., Olsen v. Delcore, No. 2:07-CV-334 TS, 2009 U.S. Dist. LEXIS 88263 at *2-3 (D. Utah 2009) (citations omitted).

Allowing one party to use the testimony of the opponent's expert witness causes no "undue prejudice" particularly when timely notice of the intention to call the expert has been given.  See Penn Nat'l Ins., 245 F.R.D. at 194. Here, DLL listed Woods in its pre-trial memorandum on April 21, 2011 when it identified witnesses from whom it "reserve[d] the right to present direct or rebuttal testimony ... either live or via videotaped deposition testimony or transcript from depositions or hearings."  DLL had named Woods before this court excluded the testimony of Sussman on May 9, 2011.  Furthermore,

any of Woods' testimony which is presented at trial will necessarily be limited to his deposition, to which both Third Pillar and DLL have had access for months.

Third Pillar contends that DLL should be barred from using Woods' testimony because judicial estoppel prevents parties from changing their positions in legal proceedings.  The Supreme Court has found that judicial estoppel should generally only be invoked where three factors are present:

> First, a party's later position must be clearly inconsistent with its earlier position ... Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled ... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire v. Maine, 532 U.S. 742, 750-751 (U.S. 2001) (internal citations omitted).  Although DLL's current effort to put on evidence of unjust enrichment may be inconsistent with its earlier position that it was entitled to a reasonable royalty since unjust enrichment was not provable, this court has never accepted this earlier position.  Further, DLL will not derive an unfair advantage if it is allowed to use Woods' expert testimony since both parties have had access to this testimony and both parties named Woods in their witness lists.  Thus, DLL is not

precluded from introducing evidence of unjust enrichment because of judicial estoppel.

Third Pillar has suggested that Woods' testimony does not meet the requirements of Daubert v. Merrell Dow Pharmaceutical, 509 U.S. 579 (1993).  However, Third Pillar filed no motion in limine to exclude Woods' testimony based on Daubert by the deadline set by the Fifth Scheduling Order.  Furthermore, Third Pillar's minimalist Daubert argument is not convincing.  It merely states that Woods does not meet the Daubert standard because Third Pillar intended to offer his testimony to rebut Sussman's opinion testimony that unjust enrichment damages are not provable[4] and not as an affirmative damages opinion.  Third Pillar does not explain why Woods and his testimony would not conform to the three requirements of Rule 702 of the Federal Rules of Evidence that our Court of Appeals has repeatedly noted: qualification, reliability, and fit.  Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008).

Accordingly, DLL may introduce evidence of unjust enrichment damages through the expert testimony of Woods.[5]

DLL, in the alternative, seeks to obtain payment of a reasonable royalty.  It may not do so because under CUTSA, a

---

4.  Presumably DLL will not seek to call Sussman on this point.

5.  We recognize the unfair prejudice to Third Pillar if DLL reveals to the jury that Woods was hired to be Third Pillar's expert.  See House v. Combined Ins. Co. of Am., 168 F.R.D. 236, 248 (N.D. Iowa 1996).  Thus, evidence of how Woods became involved in the case will be excluded.

party is not entitled to a reasonable royalty where, as here, unjust enrichment damages are provable. <u>See</u> Cal. Civ. Code § 3426.3; <u>Ajaxo, Inc. v. E*Trade Fin. Corp.</u>, 115 Cal. Rptr. 3d 168, 179 (Cal. Ct. App. 2010).

Finally, the renewed motion of Third Pillar for summary judgment will be denied.